IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JESSICA FONSECA and
JACQUELINE LUGO, Individually
and Mother of Jessica Fonseca,
    Plaintiffs,
and                                      Case No: 01-C-0544

STATE OF WISCONSIN DEPARTMENT
OF HEALTH AND SOCIAL SERVICES,
    Subrogated Plaintiff,

    v.

UNITED STATES OF AMERICA
    Defendant.

## MEMORANDUM AND ORDER

Plaintiffs Jessica Fonseca ("Jessica"), a minor, and her mother Jacqueline Lugo bring this action against the United States ("the government") under the Federal Tort Claims Act ("FTCA"), alleging that Jessica suffered serious and permanent birth injuries as the result of the negligence of employees of the Thirteenth Street Medical Clinic, a federally supported clinic in Milwaukee. I have jurisdiction pursuant to 28 U.S.C. § 1346(b)(1). The government stipulated to liability, and I conducted a court trial on damages. I awarded damages to plaintiffs including a substantial sum for Jessica's future medical expenses. The government now asks me to order that such sum be placed in a reversionary trust. Plaintiffs oppose the motion.

Under the FTCA, the government is liable for torts committed by its employees "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The Act waives the government's sovereign immunity only insofar as

the defendant, were it not the government, would be liable to the plaintiff under the law of the state in which the conduct that is alleged to be tortious occurred. Matheny v. United States, 469 F.3d 1093, 1093 (7th Cir. 2006). The purpose of the "like circumstances" requirement is to prevent state legislatures from using the government's waiver of sovereign immunity under the FTCA to "enrich their own citizens at the expense of the deepest pocket." Carter v. United States, 982 F.2d 1141, 1143 (7th Cir. 1992). The requirement accomplishes this purpose by measuring the government's liability in the same way as the liability of a private party is measured. Matheny, 469 F.3d at 1096. Recognizing that the government is rarely situated identically to a private party, however, the like circumstances inquiry requires only that courts approximate the circumstances of a similarly situated private party. Indian Towing Co. v. United States, 350 U.S. 61, 64 (1955).

As is relevant to the present case, Wis. Stat. § 655.015, a section of Chapter 655, which governs medical malpractice, requires that if a judgment includes an amount over $100,000 for future medical expenses, the portion in excess of $100,000 be paid into an account in a state fund. The fund, in turn, pays the injured party's medical bills. In addition, a regulation implementing § 655.015 provides that if the injured party dies, any balance in her account "shall revert to the insurer or person responsible for establishing the account." Wis. Admin. Code INS § 17.26(4)(b). Section 655.015 applies to judgments against health care providers and their employees, including nurses. Patients Comp. Fund v. Lutheran Hosp. - LaCrosse, Inc., 223 Wis. 2d 439 (1999); see also Cooper v. Eagle River Mem. Hosp., No. 99-722, 2000 WL 34236737 (W.D. Wis. July 21, 2000).

It would appear that pursuant to the like circumstances requirement, the government

2

is entitled to the creation of a reversionary trust to approximate the situation of a private defendant subject to Chapter 655. However, plaintiffs dispute this on several grounds. First, plaintiffs argue that the government is not entitled to a reversionary trust because Chapter 655 expressly excludes the government from the protections that it offers defendants. However, whether a state statute excludes the government is irrelevant to whether the government may benefit from a protection provided by the statute. Hill v. United States, 81 F.3d 118, 121 (10th Cir. 1996) (stating that the government may benefit from a limitation on liability that the statute extends to a private party). This is so because

> [t]he FTCA, not the letter of the [state] statute, is the focal point of this inquiry and is determinative of the question. . . . Local law "informs how a private party would be treated; it does not tell us, indeed it cannot, the extent to which the federal government has waived its sovereign immunity."

Reilly v. United States, 863 F.2d 149, 162 (1st Cir. 1988) (quoting Lucas v. United States, 807 F.2d 414. 417 (5th Cir. 1986)).

Second, relying on Reilly, 863 F.2d at 169 and Frankel v. Heym, 466 F.2d 1226, 1228 (3d Cir. 1972), plaintiffs argue that there is a common law rule precluding courts from imposing damages for personal injuries against the government in any form except a lump sum judgment and that therefore, absent their consent, I may not impose a reversionary trust. However, even assuming that a reversionary trust involves something other than a lump sum judgment, I am authorized to establish a reversionary trust in the present case. This is so because, as discussed, the FTCA imposes liability on the government in the same manner as a private party and under Wisconsin law, a private malpractice defendant would obtain, in essence, a reversionary trust. Neither Frankel nor Reilly involved a state statute that established a reversionary trust as Chapter 655 does. See Reilly, 863 F.2d at

3

169 n.16 (stating that "periodic damages awards are permissible in lieu of lump sums . . . if a controlling statute permits," and citing § 655); see also Dutra v. United States, 196 Fed. Appx. 610, 611-12 (9th Cir. 2006) (stating that "the FTCA authorizes courts to craft remedies that approximate the results contemplated by state statutes, and nothing in the FTCA prevents district courts from ordering the United States to provide periodic payments in the form of a reversionary trust").

Third, plaintiffs argue that I may not establish a reversionary trust because such a trust is not in Jessica's best interest. They cite several cases indicating that although a court has the inherent power to create a reversionary trust it may exercise such power only if such a trust is in the best interest of the child. Deasy v. United States, 99 F.3d 354 (10th Cir. 1996); Hull By Hull v. United States, 53 F.3d 1125 (10th 1995); Nemmers v. United States, 870 F.2d 426 (7th Cir. 1989). However, in the present case, I am creating a reversionary trust based not on my inherent power to do so to serve Jessica's best interest but because the FTCA's like circumstances requirement requires me to do so. In this context, the concepts of inherent power and best interest of the child are largely irrelevant. See Hill, 81 F.3d at 120 (imposing a reversionary trust as a state statute would have even though such a trust was not in the child's best interest).

Plaintiffs also argue that overseeing a reversionary trust would take too much judicial time. However, plaintiffs overstate the difficulty of overseeing the trust, and in any case, this factor is also irrelevant to my obligation under the like circumstances requirement.

Plaintiffs suggest that § 655.015 is unconstitutional. However, they do not develop this argument and therefore waive it. Cent. States S.E. & S.W. Areas Pension Fund v.

4

Midwest Motor Express, Inc., 181 F.3d 199, 208 (7th Cir. 1999) (stating that "arguments not developed in any meaningful way are waived").

Finally, plaintiffs argue that even if I conclude that a reversionary trust is required, the government cannot be involved in the trust without creating a conflict of interest and causing Jessica to be placed in a worse situation than she would be in under state law. I agree and will therefore require that the trustee's sole loyalty be to the beneficiary of the trust. I urge the parties to confer on this matter and, if possible, make a joint recommendation to the court with respect to an appropriate trustee and the terms of the trust. If the parties cannot agree, I direct them to submit proposals concerning the matter.

In sum, I conclude that the like circumstances requirement of § 2674 requires me to fashion a trust which insofar as is reasonable and possible, approximates the mechanism for paying Jessica's future medical expenses established by Chapter 655.

Therefore,

**IT IS ORDERED** that defendant's motion seeking the creation of a reversionary trust is **GRANTED** as indicated above.

Dated at Milwaukee, Wisconsin, this 14 day of February, 2007

/s_____
LYNN ADELMAN
District Judge