# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

JESSICA FONSECA and
JACQUELINE LUGO, Individually
and as Mother of Jessica Fonseca,
    Plaintiffs,
and                                                                       Case No: 01-C-0544

STATE OF WISCONSIN DEPARTMENT
OF HEALTH AND SOCIAL SERVICES,
    Subrogated Plaintiff,

    v.

UNITED STATES OF AMERICA
    Defendant.

## DECISION AND ORDER

Plaintiffs Jessica Fonseca ("Jessica"), a minor, and her mother Jacqueline Lugo bring this action against the United States ("the government") under the Federal Tort Claims Act ("FTCA"), alleging that Jessica suffered serious and permanent birth injuries as the result of the negligence of employees of the Thirteenth Street Medical Clinic, a federally supported clinic in Milwaukee. I have jurisdiction pursuant to 28 U.S.C. § 1346(b)(1). The government stipulated to liability, and I conducted a court trial on damages. I awarded damages to plaintiffs including a substantial sum for future medical expenses. Pursuant to 28 U.S.C. § 2674, which provides that the government is liable for torts committed by its employees "in the same manner and to the same extent as a private individual under like circumstances," I ordered that the award for future medical expenses be placed in a reversionary trust. I found that such a trust would best approximate the result that would occur if the government were a private party. See Wis.

Stat. § 655.015 (requiring that awards of future medical expenses in excess of $100,000 in medical malpractice cases be placed in a state fund). The question before me now is whether the administrative costs of the reversionary trust should be paid by the government or come out of plaintiffs' award.

In addressing this question, I continue to be guided by the "like circumstances" requirement of § 2674. Requiring the government to pay the administrative costs of the trust more closely approximates the Wisconsin statutory scheme than would taking the costs out of plaintiffs' award. Under Wis. Stat. § 655.27(b), the state fund into which awards for future medical expenses are deposited is financed by assessments on potential malpractice defendants, i.e., health care providers. In the present case, the government is both a malpractice defendant and a health care provider. Although the government will not be able to share the costs with other entities, it would be more unfair to take such costs out of plaintiffs' award of future medical expenses. Reducing plaintiffs' award would provide them with less compensation than that to which they are entitled based on Jessica's life expectancy and could conceivably leave them with insufficient funds to pay for Jessica's future medical needs. See Hull by Hull v. United States, 971 F.2d 1499, 1512 (10th Cir. 1992) (affirming order imposing administrative costs on the government). Thus, I conclude that the government must pay the administrative costs of the reversionary trust.

I will defer the decision as to the amount of such costs until I have chosen the trustee.

Therefore,

**IT IS ORDERED** that the government is required to pay administrative costs of the reversionary trust.

Dated at Milwaukee, Wisconsin this 23 day of February, 2006,

/s_____
LYNN ADELMAN
District Judge

3