# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

JESSICA FONSECA and
JACQUELINE LUGO, Individually
and as Mother of Jessica Fonseca,
    Plaintiffs,
and                                                               Case No: 01-C-0544

STATE OF WISCONSIN DEPARTMENT
OF HEALTH AND SOCIAL SERVICES,
    Subrogated Plaintiff,

    v.

UNITED STATES OF AMERICA
    Defendant.

## DECISION AND ORDER

Plaintiffs Jessica Fonseca ("Jessica"), a minor, and her mother Jacqueline Lugo bring this action against the United States ("the government") under the Federal Tort Claims Act ("FTCA"), alleging that Jessica suffered serious and permanent birth injuries as the result of the negligence of employees of the Thirteenth Street Medical Clinic, a federally supported clinic in Milwaukee. I have jurisdiction pursuant to 28 U.S.C. § 1346(b)(1). The government stipulated to liability, and I conducted a court trial on damages. The parties agreed that providers had billed plaintiffs $605,954 for medical services rendered prior to trial and that the State of Wisconsin had paid such providers $213,029 in Medicaid funds in full satisfaction of their claims and filed a subrogation lien in such amount. I left open and now address the government's obligation with respect to plaintiffs' past medical expenses.

Under the FTCA, the government is liable for torts committed by its employees "in

the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The FTCA waives the government's sovereign immunity only insofar as the defendant, were it not the government, would be liable to the plaintiff under the law of the state in which the conduct that is alleged to be tortious occurred. Matheny v. United States, 469 F.3d 1093, 1093 (7th Cir. 2006). Thus, the question becomes whether under Wisconsin law a private party in the government's situation would have to reimburse plaintiffs for past medical expenses and, if so, to what extent.

Under Wisconsin law, a tortfeasor in a medical malpractice case is liable for the reasonable value of the treatment rendered. Lagerstrom v. Myrtle Werth Hosp. - Mayo Health Sys., 285 Wis. 2d 1, 31 (2005). Wisconsin recognizes the collateral source rule, which is both a rule of evidence and a rule of damages. As the former, the rule precludes introduction of evidence regarding any benefits the plaintiff obtained from sources collateral to the defendant. As the latter, the rule precludes reduction of the damages that a tortfeasor must pay because the injured party received compensation from collateral sources. Id. at 27 n.20.

However, in its 1995-96 session, the Wisconsin legislature enacted § 893.55(7), which modified the collateral source rule in medical malpractice cases. Id. at 27. As modified, evidence of collateral source payments, including payments from state and federal programs, is admissible in medical malpractice actions. Further, if such evidence is admitted, evidence of a plaintiff's obligation to make subrogation payments is also admissible. Id. at 39. In addition, in determining the reasonable value of medical services, a factfinder may take collateral source payments into consideration. However, such factfinder may not reduce the reasonable value of medical services based on such

2

payments. Id.

Thus, in the present case, the government must reimburse plaintiffs for the reasonable value of the medical services they received. However, because of a misunderstanding between the parties concerning the terms of their oral agreement, neither party has presented evidence concerning the reasonable value of such services. If the parties cannot agree on the reasonable value of past medical services, based on the principles discussed above, I will permit them to submit evidence on this issue.

The government also argues that because it finances the Medicaid program, it may deduct the $213,029 that the state paid to plaintiffs' service providers. This argument fails for several reasons, the first of which is the nature of the Medicaid program. Under Medicaid, the government provides financial assistance to states so that they may provide medical assistance to needy individuals. See 42 U.S.C. § 1396. When a state pays for medical services provided to a Medicaid recipient, it must seek reimbursement from any third party that "by statute, contract or agreement [is] legally responsible for payment of a claim." § 1396a(a)(25). Medicaid is "the payer of last resort, that is, other available resources must be used before Medicaid pays for the care of an individual enrolled in the Medicaid program." S. Rep. No. 146, 99th Cong., 2d Sess. 1 at 312, reprinted in 1986 U.S.C.C.A.N. 42, 279; see Mich. Dep't of Soc. Servs. v. Shalala, 859 F. Supp. 1113 (W.D. Mich.1994) (holding that state agency had standing to seek reimbursement for Medicaid payments from the federal government); see also N.Y. State Dep't of Soc. Servs. v. Bowen, 846 F.2d 129 (2d. Cir. 1988) (recognizing right of state agency as statutory subrogee of Medicaid beneficiaries to appeal federal government's denial of Medicare coverage to beneficiaries).

3

The government does not specify whether the deduction it seeks would replace or be in addition to the state's subrogation lien. However, the federal government may not replace the state as the Medicaid subrogor. See, e.g., Dutra ex rel. Commencement Bay Guardianship Servs. v. United States, No. C-04-5025, 2006 WL 3030295 at *2 (W.D. Wash. Oct. 20, 2006) (stating that the right to seek reimbursement for Medicaid benefits is the state's, not the federal government's, and the fact that the federal government is the tortfeasor does not require a different outcome); see also Bravo v. United States, 403 F. Supp. 2d 1182, 1200 n.13 (S.D. Fla. 2005) (concluding that "the amount of the Medicaid lien for past payments is recoverable against Defendant United States of America").[1] Further, if the government were allowed to deduct the amount of the Medicaid payment on top of the state's subrogation lien, the result would be both unfair and absurd because plaintiffs' recovery would be reduced twice for the same Medicaid payment.

The FTCA's like circumstances requirement also bars the government's requested deduction because such deduction would cause the government to be treated more favorably than a similarly situated private defendant.

Therefore, as stated above,

**IT IS ORDERED** that the government must pay the reasonable value of past medical services.

**IT IS FURTHER ORDERED** that if either party wishes to provide evidence as to the

---

[1] The parties discuss Molzoff v. United States, 6 F.3d 461 (7th Cir. 1993), Overton v. United States, 619 F.2d 1299 (8th Cir. 1980) and Anderson v. United States, 731 F. Supp. 391 (D.N.D. 1980). However, these cases are inapplicable because none involves a benefit program like Medicaid, which is administered by states and which requires states to seek reimbursement from tortfeasors.

reasonable value of past medical services, they must do so by March 23, 2007.

Dated at Milwaukee, Wisconsin this 23 day of February, 2007.

/s_____
LYNN ADELMAN
District Judge