# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

**JESSICA FONSECA and**
**JACQUELINE LUGO, Individually**
**and as Mother of Jessica Fonseca,**
       **Plaintiffs,**
**and**                                                                   **Case No: 01-C-0544**

**STATE OF WISCONSIN DEPARTMENT**
**OF HEALTH AND SOCIAL SERVICES,**
       **Subrogated Plaintiff,**

    **v.**

**UNITED STATES OF AMERICA**
       **Defendant.**

## DECISION AND ORDER

Plaintiffs Jessica Fonseca ("Jessica"), a minor, and her mother Jacqueline Lugo bring this action against the United States ("the government") under the Federal Tort Claims Act ("FTCA"), alleging that Jessica suffered serious and permanent birth injuries as the result of the negligence of employees of the Thirteenth Street Medical Clinic, a federally supported clinic in Milwaukee. I have jurisdiction pursuant to 28 U.S.C. § 1346(b)(1). Early in the proceedings, the parties asked me to appoint a guardian ad litem ("GAL") for Jessica because of the possibility of a conflict of interest between Jessica and her mother. Thus, pursuant to Fed. R. Civ. P. 17(c), I appointed attorney Robert J. Moodie to serve as Jessica's GAL. The government stipulated to liability, and I conducted a court trial on damages and awarded damages to plaintiffs. Before me now is plaintiffs' request that I tax the government for the GAL's fees. The government argues that I lack the authority to do so.

I begin the analysis with Fed. R. Civ. P. 54(d), which generally speaking authorizes me to allow "costs other than attorneys' fees" to a prevailing party. In Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), the Supreme Court held that "costs" in Rule 54(d) referred to the items that may be taxed as costs under 28 U.S.C. § 1920. Section 1920 enumerates a number of items but does not include GAL fees among them. However, § 1920(6) authorizes courts to tax as costs the fees of "court-appointed experts," and plaintiffs, relying on Gaddis v. United States, 381 F.3d 444, 456-57 (5th Cir. 2004), argue that a court-appointed GAL should be regarded as such an expert. However, Gaddis, a 7-5 en banc decision, provoked several dissents, and on this point I find the dissents to have the better of the argument.

Plaintiffs' argument requires me to interpret the phrase "court-appointed experts." In interpreting a statute, I look first to the language of the statute, and if the language is unambiguous, my inquiry is complete. United States v. Henderson, 376 F.3d 730, 732 (7th Cir. 2004). I find the phrase court-appointed experts in § 1920(6) unambiguous.

> The plain meaning of the phrase "court appointed experts" in § 1920(6) is that it is a reference to experts appointed under Federal Rule of Evidence 706. The rule likewise is titled "Court Appointed Experts," and courts consistently refer to individuals appointed under that rule by the same name. In addition to this common usage, the term "court appointed expert" is in fact defined as synonymous with "impartial expert. An expert who is appointed by the court to present an unbiased opinion. . . . Fed. R. Evid. 706." Black's Law Dictionary 600 (7th ed. 1999).

Gaddis, 381 F.2d at 472 (Smith, J., dissenting).

The legislative story of § 1920 reinforces the proposition that court-appointed expert refers to an expert appointed under Fed. R. Evid. 706. The relevant House Committee report states that § 1920(6) expressly refers to experts appointed under Rule

2

706. H.R. Rep. No. 95-1687, at 13, reprinted in 1978 U.S.C.C.A.N. 4652, 4664 (1978); see also Nat'l Org. For the Reform of Marijuana Laws v. Mullen, 828 F.2d 536, 546 n.7 (9th Cir. 1987) (stating that legislative history of § 1920(6) indicates that court-appointed experts refers to experts appointed under Rule 706 and does not include special masters).

A GAL is clearly not a court-appointed expert within § 1920(6). First, a GAL is not appointed pursuant to Rule 706. Second, serving as a GAL does not require expertise. A GAL's job is to determine what is in a child's best interest, and although a GAL presumably has good judgment, he need not possess the specialized knowledge of an expert. Although the GAL in the present case is a competent lawyer and performed his GAL duties competently, I did not appoint him because of any expertise.

I turn next to whether Rule 17(c) authorizes me to require the government to pay the costs of a GAL. I note, however, that it is possible that no rule could waive the government's sovereign immunity. Pursuant to 28 U.S.C. § 2412(a)(1), a court may assess against the government only the costs enumerated in § 1920 "except as otherwise provided by statute," and it is unclear if a federal rule can be regarded as a statute for the purpose of waiving sovereign immunity. Gaddis, 381 F.3d at 467-70 (Smith, J., dissenting). Even assuming that a rule could waive sovereign immunity, Rule 17(c) does not do so. This is so because a waiver of sovereign immunity must be clear and unambiguous, United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992), and the language of Rule 17(c) does not meet this requirement. Rule 17(c) authorizes a court to appoint a GAL or to make such other order as it deems proper to protect the minor. Neither of these authorizations constitute the "clear and explicit waiver of sovereign

3

immunity that would permit an order directed at the government." Gaddis, 381 F.3d at 460 (King, C.J., dissenting).

Further, the FTCA does not waive the government's sovereign immunity such that a court can require it to pay GAL fees. Under the FTCA, the government is liable for torts committed by its employees "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The FTCA waives the government's sovereign immunity only insofar as the defendant, were it not the government, would be liable to the plaintiff under the law of the state in which the conduct that is alleged to be tortious occurred. Matheny v. United States, 469 F.3d 1093, 1093 (7th Cir. 2006). Wis. Stat. § 814.04(2) precludes a court from taxing GAL fees as costs except in probate proceedings. Lofthus v. Lofthus, 270 Wis. 2d 515, 533 (Ct. App. 2004). Further, I may not tax the GAL fees against the government merely because the GAL also is an attorney. Id. at 533. Thus, were the government a private defendant it would not be responsible for the GAL's fees.

I take no position on whether Rule 17(c) authorizes me to order that the GAL's fees be paid out of plaintiffs' award or in some other way. I recommend that plaintiffs and the GAL attempt to resolve this problem among themselves.

Therefore,

**IT IS ORDERED** that plaintiffs' motion to tax the GAL's fees in the present case as costs against the government is **DENIED**.

Dated at Milwaukee, Wisconsin this 23 day of February 2007.

/s_____
LYNN ADELMAN
District Judge